Opinion of the Court.

[No. 3,419.]

## THE PEOPLE v. CRENSHAW ET AL.

INDICTMENT AS ACCESSORY BEFORE THE FACT. — An indictment, charging a person as an accessory before the fact to the crime of murder, must allege the death of the person assaulted and that the crime of murder was committed.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The defendant Crenshaw and six others were convicted as accessories before the fact in the murder of Chee Long Tong, and appealed from the judgment.

The other facts are stated in the opinion.

*Kewen & Howard* and *Ganahl & McDaniel*; for Appellants.

*G. A. Blanchard*, for Respondents.

By the COURT:

The indictment in this case is fatally defective in that it fails to allege that Chee Long Tong was murdered. The charge attempted against the defendants is that they were accessories before the fact to the crime of murder. It is alleged that the defendants did stand by, aid, abet, assist, advise, counsel, and encourage one John Doe and one Richard Roe to feloniously, unlawfully, wilfully, deliberately, premeditatedly, and of their malice aforethought, one Chee Long Tong to kill and murder. Admitting that the defendants did all these things, still it does not follow by necessary legal conclusion that after all any person was actually murdered. It is the settled rule of criminal pleading that in an indictment against a person intended to be charged as an accessory before the fact in the crime of murder, every alle-

CAL. REPS. XLVI—9.

gation is necessary which would be necessary had the indictment been against the principal felons themselves.

Unless, therefore, it can be maintained that an indictment against a principal for the crime of murder would be sufficient, even though it did not appear that the death of the party assaulted had ensued, it is difficult to see how the indictment here is to be sustained. The authorities are uniform that in either case it is indispensable that it appear by the indictment that death has resulted from the assault and wounding charged,

Judgment reversed and remittitur to issue forthwith.